**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1108-18T1

PERRY F. AYDELOTTE,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
and 911 STAFFING, LLC,

     Respondents.

_____

> Argued January 7, 2020 – Decided April 22, 2020
>
> Before Judges Accurso and Rose.
>
> On appeal from the Board of Review, Department of Labor, Docket No. 154,086.
>
> Perry F. Aydelotte, appellant, argued the cause pro se.
>
> Dipti Vaid Dedhia, Deputy Attorney General, argued the cause for respondent Board of Review (Gurbir S. Grewal, Attorney General, attorney; Donna Sue Arons, Assistant Attorney General, of counsel; Dipti Vaid Dedhia, on the brief).
>
> Respondent 911 Staffing, LLC, has not filed a brief.

PER CURIAM

Perry F. Aydelotte appeals from the final decision of the Board of Review disqualifying him from receipt of unemployment compensation pursuant to N.J.S.A. 43:21-5(a), and rendering him liable to refund $5181 in benefits received. The Board determined that Aydelotte left his job without good cause attributable to the work. We affirm.

Aydelotte obtained a job at Tuscan Dairy as a warehouse worker stacking milk in November 2017 through a staffing agency, 911 Staffing, LLC, paying $12 an hour. On February 2, 2018, he advised the agency he would not return to Tuscan because "someone was putting small scratches and dings on [his] vehicle." Aydelotte claimed this happened repeatedly, even after he parked in different places in the employee lot, as advised by Tuscan security.

At the hearing before the Appeals Tribunal, Aydelotte also claimed he injured his leg on January 28, 2018. He claimed he "tried to work for another few days" but could not do so and Tuscan "was not able to properly accommodate [him]." He presented a doctor's note at the hearing attesting to his inability to work from January 23 to February 7, but conceded he only obtained that note from his doctor on June 26, a little over two weeks before the hearing.

A-1108-18T1

Representatives of the staffing agency testified that Aydelotte advised the agency on February 2 that he would not return to Tuscan "because of his vehicle situation." The operations manager testified she told him she would advise Tuscan and would call him when they had other work available. She claimed she never heard back from Tuscan but called Aydelotte and offered him work at Ace Design on February 5 for $10 an hour and on March 5 at Radial for $11 an hour, which he refused saying he wanted a minimum of $14 an hour.

Aydelotte claimed the agency told him it would contact Tuscan about the situation "and get back to [him] about what was going on," which no one ever did. He claimed he did not quit but had a "reason . . . to leave." He testified the agency "contacted [him] one time about one job possibility" that might be available in a week or two but never offered him anything definite.

The Appeals Tribunal rejected Aydelotte's claim that he was excused from work because of a medical condition because he did not provide notice to the employer at the time and continued to work through February 1 when he left the job. The examiner further found that Aydelotte's leaving Tuscan Dairy "because he felt his vehicle was being damaged at the worksite does not constitute good cause" because he failed to "take all reasonable steps to

3

address his issues with his employer prior to leaving the assignment." Because Aydelotte received $5181 in benefits to which he was not entitled, the examiner determined him liable to refund the entire sum. The Board of Review found Aydelotte had been afforded a full and impartial hearing and "agree[d] with the decision reached" on "the basis of the record below."

Aydelotte appeals, claiming his "simultaneous personal injuries were separate issues" and "have nothing to do with this." He repeats the arguments made to the Appeals Tribunal and the Board of Review that he did not voluntarily quit his job at Tuscan but was, instead, "prevented from working there " through no fault of his own. He maintains the testimony before the Appeals Tribunal "clearly proves" that he did not quit his job, that he was waiting for a call from the agency "so [he] could return to work there" and that the agency "was supposed to lay [him] off after Tuscan Dairy did not respond." He claims the testimony before the tribunal provides "all the proof needed" to establish his entitlement to the $5181 he received in unemployment benefits.

Our review of administrative agency decisions is limited. In re Stallworth, 208 N.J. 182, 194 (2011). The agency's determination carries a presumption of correctness, and the claimant bears a substantial burden of persuasion. Gloucester Cty. Welfare Bd. v. N.J. Civil Serv. Comm'n, 93 N.J.

384, 390-91 (1983). "If the Board's factual findings are supported by 'sufficient credible evidence, [we] are obligated to accept them.'" Brady v. Bd. of Review, 152 N.J. 197, 210 (1997) (quoting Self v. Bd. of Review, 91 N.J. 453, 459 (1982)). "Unless . . . the agency's action was arbitrary, capricious, or unreasonable, the agency's ruling should not be disturbed." Ibid.

Under N.J.S.A. 43:21-5(a), a person is ineligible for unemployment benefits if he or she leaves work voluntarily without good cause attributable to the work. "[G]ood cause" is "a reason related directly to the individual's employment, which was so compelling as to give the individual no choice but to leave the employment." N.J.A.C. 12:17-9.1(b). "Mere dissatisfaction with working conditions which are not shown to be abnormal or do not affect health, does not constitute good cause for leaving work voluntarily." Domenico v. Bd. of Review, 192 N.J. Super. 284, 288 (App. Div. 1983) (quoting Medwick v. Bd. of Review, 69 N.J. Super. 338, 345 (App. Div. 1961)). "The decision to leave employment must be compelled by real, substantial and reasonable circumstances not imaginary, trifling and whimsical ones." Ibid.

Reviewing the record in the light of those standards convinces us that we have no cause to disturb the Board's determination that Aydelotte is

disqualified from receiving unemployment benefits and must refund those received, see N.J.S.A. 43:21-16(d)(1).  The Appeals Tribunal heard the testimony of the witnesses and determined that Aydelotte did not take all reasonable steps to address the damage to his vehicle before leaving his assignment at Tuscan.  As there was ample proof in the record to support that conclusion, we are obligated to accept it.  Brady, 152 N.J. at 210.  Although the examiner did not expressly state she found the staffing agency's witnesses more credible than Aydelotte, that conclusion is inescapable from her findings.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION